# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

v.                                                            Case No. 19-C-1174

JAMIE ADAMS, et al.,

    Defendants.

## SCREENING ORDER (DISMISS WITH LEAVE TO REPLEAD)

Plaintiff Travis Delaney Williams, an inmate confined at the Wisconsin Secure Program Facility, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and his motion for preliminary injunction and screens his complaint.

**A. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 30, 2019, the court waived Plaintiff's obligation to pay an initial partial filing fee. ECF No. 10. The court will grant Plaintiff's motion for leave to proceed without prepaying

the filing fee. He must pay the entire $350 filing fee over time in the manner explained at the end of this order.

**B. Screening the Complaint**

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

Plaintiff's complaint is 250 handwritten pages. ECF No. 1. He names sixty defendants and incorporates by reference more than 100 pages of exhibits. As the Seventh Circuit observed in *Kadamovas*, if Plaintiff has included meritorious factual allegations, they are buried in pages and pages of conclusions, allegations, and excessive and unnecessary detail.

Not only is the complaint long and wordy, but, as best the court can tell, it contains allegations of different kinds of injuries allegedly committed by different groups of defendants over several years. Fed. R. Civ. P. 18(a) allows a plaintiff to "put in one complaint every claim of any kind against a single defendant," but a plaintiff may "present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(2)(A)." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Further, Fed. R. Civ. P. 20(a)(2)(B) states that persons may be joined in a case as defendants only if there are questions of law or fact common to "all" defendants. In other words, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Id.* (citing *George v. Smith*, 507 F.3d 605 (7th Cir. 2007)).

Plaintiff has done what the Seventh Circuit and Rules 18 and 20 of the Federal Rules of Civil Procedure state that he cannot do. He tries to state claims, which are against dozens of people, that arise out of different circumstances and events over a long period of time. The mere fact that Plaintiff came into contact with the people he sues during his incarceration or as a result of his physical disabilities is not a sufficient basis for the court to conclude that his claims are all related or that there are common questions of law and fact.

The court will allow Plaintiff to file an amended complaint that complies with Fed. R. Civ. P. 8, 18 and 20. The amended complaint must provide a "simple, concise, and direct" statement of

his claims. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). The amended complaint should "avoid a rambling, incoherent complaint." *Ford v. Flannery*, No. 2-07-CV-267, 2008 WL 821686, *2 (N.D. Ind. March 26, 2008). Plaintiff should not include every detail giving rise to his claim(s); he should provide only enough facts that the court can reasonably infer that the people he sues did what Plaintiff alleges they did. Plaintiff must be careful to choose from among his many claims only those claims that are related to one another and that arise out of the same underlying circumstances or events.

As Plaintiff considers which claims to include in his amended complaint, he should remember that "[p]ublic officials do not have a free-floating obligation to put things to rights . . . ." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This is because "public employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Accordingly, Plaintiff should name only those individuals who were personally involved in or responsible for the alleged constitutional violation. Employers are not liable for the misconduct of their employees, supervisors are not liable for the misconduct of their subordinates, and employees are not liable for the misconduct of their co-workers.

The court will include a blank prisoner complaint form with this order, which the court will require Plaintiff to use. *See* Civil L. R. 9(b) (E.D. Wis.). If, after crafting his allegations in clear, concise, "who, what, when, where, why" language, Plaintiff believes he needs more space than is provided in the form, he may attach a maximum of ten handwritten pages. Plaintiff is an experienced litigant, so if he files an amended complaint that does not comply with this order, the court will dismiss this case.

**C. Motion for Preliminary Injunction**

The court will deny without prejudice Plaintiff's motion for a preliminary injunction. ECF No. 6. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citations omitted)); *see Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted).

Plaintiff's motion for preliminary injunction is as sprawling as his complaint. He moves the court to order a nurse practitioner to be truthful, to order no contact between him and a nurse practitioner, to schedule appointments at various clinics, including the pain clinic, the orthopedic clinic, and the rheumatology clinic, to restart discontinued medication, and to transfer him to the Wisconsin Resource Center for treatment of his mental health issues. Because the court is requiring Plaintiff to file an amended complaint, it cannot tell whether the relief Plaintiff seeks in his motion is of the same character sought in the underlying case. Accordingly, the court will deny his motion for preliminary injunction without prejudice.

Should Plaintiff choose to renew his motion for preliminary injunctive relief after the court screens his amended complaint, he is reminded that, to prevail, he must prove that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If he proves those three factors, the court will then balance the harm to each party and

to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint violates Fed. R. of Civ. Pro. 8, 18, and 20.

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction (ECF No. 6) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this order on or before **October 25, 2019**. If Plaintiff files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to comply with Fed. R. Civ. Pro. 8, 18, and 20.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another

county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __23rd__ day of September, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court - WIED

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.