# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

  v.                                                                                                                Case No. 19-C-1174

JAMIE ADAMS, et al.,

    Defendants.

# ORDER

Plaintiff Travis Delaney Williams filed a complaint under § 1983 alleging that his constitutional rights were violated. On September 24, 2019, the court explained to Williams that his complaint violated Federal Rules of Civil Procedure 8, 18, and 20. The court gave Williams the opportunity to file an amended complaint, limited in length to the court's form plus ten additional pages. Shortly thereafter, Williams filed a motion for reconsideration asking that he be permitted to proceed on his original complaint. Alternatively, he asked that he be allowed sixty additional pages for his amended complaint. The court denied his motions on October 15, 2019. That same day, the court received Williams' amended complaint. About a week later, Williams filed a motion for preliminary injunction and a motion for relief from judgment or to strike the court's order denying his motion for reconsideration.

The court will deny Williams' motion for relief from judgment; the court did not enter judgment in its October 15 order, so Williams has no need for the relief he requests. The court also will deny his request to strike that order. Williams offers no basis for this request. The court's order merely allowed Williams additional time to prepare an amended complaint and explained in

greater detail the requirements of Rules 8, 18, and 20. The fact that Williams did not take advantage of the extra time allowed by the court does not require that the court strike the order.

The Prison Litigation Reform Act applies to this case because Williams was incarcerated when he filed his complaint. That law requires courts to screen complaints to identify cognizable claims. Accordingly, the court will screen Williams' amended complaint.

Williams alleges that he suffers from numerous ailments and conditions, including osteoarthritis, degenerative joint disease, bursitis, rheumatoid arthritis, nerve damage, heel spurs and foot deformity, chronic headaches, chest pains, ear pain, and cysts in his testicles. Williams asserts that he has frequently complained to defendant Nurse Practitioner Sandra McArdle, but she either ignored his complaints or delayed responses to his complaints. He details multiple blood tests, x-rays, ultrasounds and MRIs that McArdle has ordered, but he asserts that she later cancelled many of these tests or that she ordered them as a way of delaying his treatment. He also details different medications that were prescribed, but he says that McArdle ignored his complaints that they were ineffective or caused significant side effects. Williams also alleges that he complained to defendants Jolinda Waterman, the health services manager, and Jamie Adams, the health services training manager, about McArdle's indifference to his pain and medical needs, but they only told him they would look into it without ever doing anything.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This standard contains both an objective element—that the medical needs be sufficiently serious—and a subjective element—that the officials act with a sufficiently culpable

state of mind. *Id.* The court will allow Williams to proceed on a deliberate-indifference claim against McArdle based on his allegations that she ignored, delayed, and interfered with treatment of his pain and medical conditions. He may also proceed on a First Amendment retaliation claim against her based on his allegations that she cancelled tests, appointments, and medication after he filed grievances and complaints about her. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). However, supervisory prison officials may be liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Grossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) (quoting *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997)). Williams has stated claims against Waterman and Adams based on his allegations that he told them about McArdle's alleged misconduct but they failed to do anything to address it.

The court will not, however, allow Williams to proceed against Dr. Michael Case, Dr. Delforge, Dr. Edward Riley, Dr. Peterson (Williams' allegations refer to Dr. Patterson, but he identifies Dr. Peterson in the caption of his complaint), or Dr. Miller. Each of these doctors handled only an aspect of Williams' care. For example, Dr. Riley is an orthopedic specialist; Williams' was referred to him for treatment of his "osteoarthritis chronic needs." ECF No. 19 at 5. Dr. Case is an otolaryngologist; Williams was referred to him for treatment of his ear pain and discharge. *Id.* at 4. Dr. Miller was a physician at Williams' institution; Williams was referred to him for a physical

examination of his testicles. *Id.* at 6-7. And, Dr. Delforge was a dentist; he opined that Williams had neither cavities nor tooth decay and therefore did not require fillings. *Id.* at 10.

Williams alleges that each of these specialists was deliberately indifferent to a particular serious medical condition and that they provided inadequate treatment for that condition. As the court has explained to Williams, Fed. R. Civ. P. 20 "prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all." *Balli v. Wisconsin Department of Corrections*, No. 10-CV-67-BBC, 2010 WL 924886, at *1 (W.D. Wis. Mar. 9, 2010) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed.1978)). The facts giving rise to a claim against a particular specialist will have no overlap with the facts giving rise to a different specialist. Williams' interaction with each of those specialists is a distinct transaction or occurrence. Accordingly, under Rule 20, Williams cannot join all of the specialists in a single case. The court will dismiss them as defendants.

Williams also fails to state a claim against the inmate complaint examiners. As was the case with the specialists, each complaint examiner rejected or dismissed a particular complaint for a different reason. For example, the circumstances of a complaint examiner dismissing Williams' complaints about his ear pain will have no overlap with the circumstances of a different complaint examiner dismissing Williams' complaints about his testicle pain. Further, even if these claims arose out of the same transaction or occurrence or series of transactions or occurrences, Williams fails to allege facts giving rise to a reasonable inference that the complaint examiners violated his constitutional rights. Williams alleges that the complaint examiners conspired with McArdle,

Waterman, and Adams. He asserts that they would tell him that they had reviewed his medical records and that he had appointments scheduled with various specialists to address his needs. He asserts that they also would tell him that the waiting period to see a specialist or to go to a pain clinic could be many months or even years. Williams alleges that their statements were untrue.

Complaint examiners are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Williams alleges that the complaint examiners conferred with his medical providers, relayed information to him, and tried to explain the reason for the delays. Regardless of whether Williams' believed what they told him or liked the answers he received, the court cannot reasonably infer from these allegations that the complaint examiners were refusing to do their jobs. The court will dismiss them as defendants.

Williams also fails to state a claim against Sarah Martin, who Williams alleges refused to request progress notes from one of his off-site providers. It is unclear to the court what role Martin played in Williams' medical care; there are no allegations giving rise to an inference that she had any personal responsibility for treating Williams' medical conditions. In any event, a limited failure to obtain medical documentation does not give rise to a constitutional violation.

Next, Williams does not state a claim under the Americans with Disabilities Act or the Rehabilitation Act. Williams alleges that he "was denied access to programming because of [his] disabilities." ECF No. 19 at 11. None of Williams' factual allegations give rise to a reasonable inference that this is the case. Williams describes no programs from which he was excluded, and allegations that McArdle, Waterman, and Adams failed to treat his medical conditions are insufficient on their own to give rise to a reasonable inference that they discriminated against him because he is disabled.

Finally, Williams filed a motion for preliminary injunction. The court will require the defendants to respond to the motion within twenty-one days of responding to the amended complaint.

**IT IS THEREFORE ORDERED** that Williams' motion for relief and motion to strike (ECF No. 26) are **DENIED**.

**IT IS FURTHER ORDERED** that Michael Case, Delforge, Sarah Martin, John Doe complaint examiners 1-3, Peterson (or Patterson), Riley, and Miller are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the amended complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Jamie Adams and Jolinda Waterman. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the amended complaint within 60 days.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint and this order upon defendant Sandra McArdle pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Williams information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendant Sandra McArdle shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the defendants must respond to Williams' motion for preliminary injunction (ECF No. 22) within twenty-one days of responding to Williams' amended complaint.

Dated at Green Bay, Wisconsin, this  4th  day of November, 2019.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court