UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

    v.    Case No. 19-C-1174

JAMIE ADAMS, et al.,

    Defendants.

# ORDER

Plaintiff Travis Delaney Williams, who is representing himself, is proceeding on Eighth Amendment claims. Williams filed motions for a preliminary injunction on October 23 and November 19, 2019. Defendants Jamie Adams and Jolinda Waterman responded to the motions on January 28, 2020, and defendant Sandra McArdle responded a few days later, on January 31, 2020. At Williams' request, the court extended his deadline to reply to February 24, 2020. The day after that deadline, the court received a motion from Williams asking that the deadline be further extended. Williams filed the same motion the following day (he slightly altered the motion's title, but it is otherwise identical).

Williams explains that he needs the extension because he has not received requested copies of his health services and psychological services records. He believes he needs those records to prepare his reply. The court will grant his motions. He may address both response briefs in a single reply brief.

As an aside, Williams asserts that the records he wants copies of were destroyed. He attaches a letter, which he argues demonstrates that prison staff are retaliating against him. ECF

No. 87-1 at 2. The letter does not support Williams' conclusion. Staff did not destroy the actual records; they destroyed only the copies of the records. As explained in the letter, when Williams first requested copies, he had not yet received approval for a legal loan. Rather than saving the copies until the legal loan was approved, staff destroyed the copies. According to the letter, Williams was then scheduled for an expedited file review so he could once again flag which records he wanted copied. The letter explains that, now that Williams has been approved for a legal loan, the copies he requests will be provided the same day. Nothing in the letter suggests that the actual records were destroyed—only that the requested copies of those records were destroyed.

Next, Williams takes significant issue with the fact that the docket text describing his motions does not match what he titles his motions. ECF Nos. 89, 89-1. In particular, Williams notes that he frequently labels his motions (and his certificates of service) as "Expedited," but the clerk's office never includes "Expedited" in the docket text. He notes that "the Western District do[es] it," and he wonders "what makes the East so fucking[1] special that they don't have to do it?" ECF No. 89-1.

Civil L. R. 7(h) sets forth the requirements for seeking non-dispositive relief by expedited motion. Rule 7(h)(3) states: "The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se." In other words, Williams cannot seek non-dispositive relief on an "expedited" basis. The court assures Williams that it promptly

---

[1] The court has observed that the documents Williams files in support of his motions are often riddled with obscenities, vulgarities, and insults. *See* ECF No. 35-1 at 1-2; ECF No. 89-1. The court will not tolerate this behavior, regardless of whether it is directed at the court or at prison staff. The court cautions Williams to communicate with the court and prison staff in a professional and respectful manner. If he does not, he risks sanctions, up to and including the dismissal of this case.

2

reviews the parties' filings and enters orders in a timely fashion, regardless of how the parties' title their motions or how the clerk's office describes those motions on the docket.

The court also observes that Williams files certificates of service with every document he files. He may continue to do this, if he wants, but it is not necessary. Defendants are served electronically through the court's electronic case filing system; thus, Williams does not need to create a separate record showing that he has served his documents.

Finally, the court reminds Williams that he should not file the same motion more than once. Doing so does not cause the court to address Williams' requests any faster. In fact, doing so has the opposite effect because it clogs the docket, requires the court to comb through two motions to identify differences, and impacts Defendants' response deadlines.

**THEREFORE, IT IS ORDERED** that Williams' motions to combine his reply briefs and for an extension of time (ECF Nos. 86, 90) are **GRANTED.** Williams must file his combined reply brief by **March 13, 2020.**

Dated at Green Bay, Wisconsin this 28th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
