UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

    v.    Case No. 19-C-1174

JAMIE ADAMS, et al.,

    Defendants.

# ORDER

Plaintiff Travis Delaney Williams, who is representing himself, is proceeding on deliberate-indifference and retaliation claims. Williams filed a motion for a preliminary injunction on October 23, 2019; he filed a renewed motion on November 19, 2019. Williams did not identify differences between his original motion/supporting brief and his renewed motion/supporting brief. The only differences the court found were the addition of the word "Renewed" in the titles of the filings and updated signature blocks. *Compare* ECF Nos. 22 *and* 40; 23 *and* 41. Defendants Jamie Adams and Jolinda Waterman responded to the motions on January 24, and defendant Sandra McArdle responded a few days later, on January 31, 2020. ECF Nos. 60, 74. Williams filed a combined reply brief on March 12, 2012. ECF No. 96. For the reasons explained below, the court will deny Williams' motions.

As the U.S. Supreme Court has observed, "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (citations omitted). Accordingly, before the court will grant the requested relief,

Williams must show that: (1) he has "a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) [he] will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the [defendants] will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Because Williams is incarcerated, the court's power to grant preliminary injunctive relief is further limited by Prison Litigation Reform Act (PLRA). Specifically, 18 U.S.C. § 3626(a)(2) requires that any preliminary relief the court grants "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."

Williams makes a number of requests for specific medical treatment, including a referral for surgery to relieve testicle pain, injections for his shoulder pain, an examination with an offsite ENT specialist, a prescription for a particular pain medication, special needs items such as a medical mattress and orthopedic shoes, Pedialyte for his dehydration, and disinfectant wipes to clean his CPAP machine. The first problem with Williams' requests is that Defendants have no power to provide him with what he demands. Waterman and Adams are health services managers, and they have no authority to make referrals or write orders; their function with regard to Williams' care is administrative only. ECF No. 62 at ¶¶ 6-7; 10. His request that the court order McArdle to provide the requested relief is even more problematic as she is no longer employed by the Department of Corrections or at the Wisconsin Secure Program Facility. ECF No. 74 at 2, 4. The proper defendant for purposes of injunctive relief would be the state officials responsible for seeing that the court's order is carried out—for example, the director of correctional health services or the warden where Williams is presently confined, but neither of these individuals is a defendant. *See Gray v. McCaughtry*, 72 F. App'x 434, 436-37 (7th Cir. 2003). Because Williams

is not proceeding against officials who can provide him with the relief he requests, his motions must be denied.

However, even if Williams had sued the proper defendants, the court would deny his motions because he does not present evidence establishing the need for preliminary injunctive relief. To prevail on a deliberate-indifference claim, Williams will have to show that Defendants intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to his health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). He will be able to make that showing only if he demonstrates that Defendants' subjective responses were "so inadequate that [they] demonstrated an absence of professional judgment, that is that 'no minimally competent professional would have so responded under those circumstances.'" *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Williams will not be able to make that showing merely by demonstrating that he disagrees with Defendants' decisions; "prisoners are not entitled to receive the particular medical treatment of their choice." *Hall-Bey v. Ridley-Turner*, 154 F. App'x 493, 494 (7th Cir. 2005).

The parties have submitted hundreds of pages of records in support of their filings, including progress notes, medication lists, health services requests, and responses to health service requests. *See* ECF Nos. 62-1, 98-1. A review of those records reveals a myriad of disagreements between Williams and his healthcare providers, including his refusal to submit to necessary tests, incidents of alleged medication misuse, and his failure to meet the criteria for special needs items. The fact that Williams and his healthcare providers merely disagree about the proper course of treatment undermines Williams' claim that he has a likelihood of prevailing on the merits. *See Hall-Bey*, 154 F. App'x at 494; *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997) ("the Constitution is not a medical code that mandates specific medical treatment" (citations omitted)).

3

The records also demonstrate that, since filing his motions, Williams has received some of the relief he requests, including injections in his shoulder, an order for medical shoes, and CPAP wipes. He also has a urology appointment scheduled, and he is being treated with numerous other medications for chronic pain. Accordingly, Williams also fails to establish that he will suffer irreparable harm if his motions are denied. As the Seventh Circuit has consistently explained, prisoners are "not entitled to the best care possible. [They are] entitled to reasonable measures to meet a substantial risk of serious harm to [the plaintiff]." *Forbes*, 112 F.3d at 267. The evidence submitted by the parties demonstrates that Williams' healthcare providers are pursuing reasonable measures to respond to Williams' many complaints and ailments.

Also, granting the particular relief Williams seeks would run afoul of the PLRA's requirement that the court pursue the least intrusive means necessary to correct the harm. Courts are to defer "to a medical professional's treatment decision 'unless no minimally competent professional would have so responded under those circumstances.'" *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019) (citations omitted). This is because "there is no single 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Id.* (citations omitted). Williams provides no evidence suggesting that the treatment he is being offered is far outside the range of acceptable treatment. To override his healthcare providers' decisions and dictate a specific course of treatment would eliminate his providers' discretion. It does not get more intrusive than that. Accordingly, the court will deny Williams' motions for a preliminary injunction.

Finally, on March 16, 2020, Williams filed a motion to extend the discovery deadline. He explains various challenges he is facing in completing discovery. The court will grant his motion.

**THEREFORE, IT IS ORDERED** that Williams' motion for preliminary injunction (ECF No. 22) and his renewed motion for preliminary injunction (ECF No. 40) are **DENIED.**

**IT IS FURTHER ORDERED** that Williams' motion for extension of time to conduct discovery (ECF No. 100) is **GRANTED**. The court **EXTENDS** the discovery deadline to **August 19, 2020**, and the dispositive motion deadline to **September 21, 2020**.

Dated at Green Bay, Wisconsin this 17th day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court