UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS DELANEY WILLIAMS,

        Plaintiff,

     v.                                     Case No. 19-C-1174

JAMIE ADAMS, et al.,

        Defendants.

---

## ORDER

---

On March 17, 2020, the court denied plaintiff Travis Delaney Williams' motion for preliminary injunction and his renewed motion for preliminary injunction. ECF No. 102. A couple of weeks later, Williams filed a motion to alter or amend the judgment. ECF No. 105. The court will deny Williams' motion.

Federal Rule of Civil Procedure 59(e)[1] "allows the movant to bring to the district court's attention a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted).

Williams highlights errors that he believes the court made in its decision. For example, Williams points out that, contrary to the court's assertion, he did identify the differences between

---

[1] An order on a motion for preliminary injunction is a judgment within the meaning of Fed. R. Civ. P. 59. *See Central States, Southeast and Southwest Areas Health and Welfare Fund v. Lewis*, No. 11-C-4845, 2012 WL 2158741, at *1 (N.D. Ill. June 13, 2012).

his motion for preliminary injunction and his renewed motion for preliminary injunction. Williams is correct; however, the limited changes Williams made to his renewed motion are immaterial to the court's decision that he failed to present evidence establishing the need for preliminary injunctive relief. Williams also argues that the court was incorrect to focus on defendant Jamie Adams' role as a nurse and should have instead focused on her role as the health services manager. Again, however, this distinction has no bearing on the court's findings that she has no authority to provide him with much of the relief he seeks, and, even if she does, Williams has not presented evidence showing the need for preliminary injunctive relief.

None of Williams' remaining arguments convinces the court that it erred in denying his motion and his renewed motion for preliminary injunction. Williams clearly disagrees with the court's analysis, but his disagreement is an insufficient reason for the court to reconsider its decision.

**THEREFORE, IT IS ORDERED** that Williams' motion to alter or amend a judgment and hold a hearing (ECF No. 105) is **DENIED.**

Dated at Green Bay, Wisconsin this 23rd day of April, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

2

Case 1:19-cv-01174-WCG   Filed 04/23/20   Page 2 of 2   Document 107