UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

v.                             Case No. 19-C-1174

JAMIE ADAMS, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Travis Delaney Williams, a prisoner who is representing himself, is proceeding on Eighth Amendment claims in this § 1983 case. On June 11, 2020, the court denied Williams' motion to extend the discovery and summary judgment deadlines. ECF No. 131. Williams had asserted that he needed more time to complete a file review and obtain additional copies of his medical records. The court found there was no reason to further delay the case. Williams already had more than one file review, and the State Defendants had indicated their intention to supplement their production to include copies of documents that were the subject of Williams' most recent motion to compel. *See* ECF No. 129.

As is his habit, Williams filed a motion for reconsideration. He argues that he cannot afford copies of anything. On June 11, 2020, the State Defendants notified the court that they had provided Williams with copies of the documents at issue in his motion to compel. ECF No. 132. Accordingly, Williams' ability to afford copies is irrelevant; he has the documents he requested. The court will deny his motion for reconsideration.

Williams also filed a motion "pursuant to Fed. R. Civ. Pro. 60 Relief of Judgment ECF No. 117." ECF No. 136. On May 18, 2020, the court denied Williams' motion to compel. That decision addressed the State Defendants' production of documents. The court noted that Sandra McArdle (who is not represented by the Wisconsin Department of Justice) had not responded to Williams' motion to compel; however, the court believed that the documents at issue had been or could be produced by the State Defendants, so the court found that McArdle's response was unnecessary to decide Williams' motion. ECF No. 117 at 1, n.1.

Williams now argues that McArdle's lawyer should be sanctioned for failing to cooperate in discovery. (It is not clear why Williams references the court's May 18 decision, but that is neither here nor there.) He explains that, on more than one occasion, counsel has mailed him documents meant for other inmates, including three authorization and informed consent forms. *See* ECF No. 137-1 at 4-8. Nothing in Williams' motion suggests that this was anything other than a clerical error. The court will not sanction counsel for making a mistake. Williams also asserts that, despite counsel's assurances that all responsive documents had been produced, *see* ECF No. 137-1 at 18, Williams has not received any documents from McArdle. Williams suspects that counsel may have mailed documents intended for him to another inmate. The court will require McArdle to re-mail her discovery responses and responsive documents to Williams.

Williams also takes issue with McArdle's responses to some of Williams' discovery requests, as discussed in a letter McArdle's lawyer wrote to Williams. ECF No. 137-1 at 17-19. Counsel explains that McArdle objects to Williams' request for documents stating that she is mentally stable to perform her nursing duties. Counsel states, "There is no other document we are aware of, other than her nursing credentials that would be evidence that she was mentally competent to perform her duties as a nurse practitioner." ECF No. 137-1 at 17. Counsel invited

2

Case 1:19-cv-01174-WCG   Filed 06/25/20   Page 2 of 3   Document 139

Williams to advise him if there is a specific document he is seeking. Williams identifies no specific document in his motion. The court finds that McArdle has adequately responded to this request.

Williams also challenges McArdle's objection to producing "correspondence and complaints against McArdle" that Williams "filed with Physicians Maximum Resources." ECF No. 136 at 2. Williams does not explain why he believes McArdle has in her possession complaints that Williams mailed to her employer. As counsel points out, it appears that Williams is requesting documentation from a third party, which McArdle would not be responsible for providing. Nor does Williams explain why he needs these documents. Complaints Williams made to McArdle's employer will not help him support a motion for summary judgment or respond to a motion for summary judgment on the issue of whether McArdle was deliberately indifferent to his serious medical needs. These complaints may be relevant to his credibility, but that is not at issue at this stage of the litigation. The court finds that, for purposes of briefing summary judgment, McArdle's response is adequate.

**IT IS THEREFORE ORDERED** that Williams' motion for reconsideration (ECF No. 135) is **DENIED**.

**IT IS FURTHER ORDERED** that Williams' motion for relief under Fed. R. Civ. P. 60 (ECF No. 136) is **DENIED**; however, the court **ORDERS** McArdle to re-mail her responses and the responsive documents to Williams in light of his representation that he has not received them.

Dated at Green Bay, Wisconsin this 25th day of June, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court