UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

    v.                                   Case No. 19-C-1174

JAMIE ADAMS, et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Travis Delaney Williams, a prisoner who is representing himself, is proceeding on Eighth Amendment claims against Defendants. On August 20, 2020, defendants Jamie Adams and Jolinda Waterman filed a motion for summary judgment. Dkt. No. 157. Williams' deadline to respond to that motion is November 20, 2020. Dkt. No. 225. Defendant Sandra McArdle, who is represented by separate counsel, also filed a motion for summary judgment. Dkt. No. 162. Williams responded to McArdle's motion on October 22, 2020. Dkt. Nos. 227–32, 241. Although the court received Williams' response materials one day after his response deadline, the court decided to consider his response materials timely filed. Dkt. No. 242 at 4.

On November 3, 2020, McArdle filed a "Motion to Strike Plaintiff's Excessively Long Response Brief or for Guidance from this Court." Dkt. No. 243. McArdle explains that Williams' response brief is sixty-one pages long, which is thirty-one pages more than is allowed in Civil Local Rule 56(b)(8)(A). McArdle highlights that Williams did not seek leave to file a longer brief as required. McArdle also expresses confusion over some of Williams' filings. She notes that some of the documents appear to be combined declarations and proposed findings of fact, making

it difficult for her to determine whether a document requires a response from her or whether the document is merely a declaration Williams wants to use to support his claims.

Williams is an experienced litigant who strives to comply with the relevant procedural rules. In his effort to do so, however, he often files many more documents than is necessary. The number, size, and organization of the documents he files can be confusing, which, the court suspects, is what happened here. In response to McArdle's motion, Williams filed an oversized brief (Dkt. No. 227), a declaration authenticating exhibits with 350 pages of attached exhibits (Dkt. No. 229), a declaration ending at paragraph 26 (Dkt. No. 231), a supplemental declaration, which is a continuation of his first declaration and begins at paragraph 27 (Dkt. No. 228), a response to McArdle's proposed findings of fact (Dkt. No. 230), and his own proposed findings of fact (Dkt. No. 228 at 7–19; also docketed at Dkt. No. 241).

All of these documents arrived at the court in a single pile, making it difficult for court staff to docket them in the way Williams' intended. Unsurprisingly, some errors occurred. For example, the supplemental declaration beginning at paragraph 27 (Dkt. No. 228) was docketed before the original declaration ending at paragraph 26 (Dkt. No. 231). Also, Williams' proposed findings of fact were not initially docketed as a separate entry. That document can be found beginning at page 7 of the docket entry for Williams' supplemental declaration. Dkt. No. 228. When Williams noted that he had not received an e-filing receipt for that document (*see* Dkt. No. 240), the court docketed the undisputed facts at Dkt. No. 241, not realizing that it had overlooked that document when docketing the supplemental declaration.

In short, the court understands why McArdle is confused. In light of Williams' experience, the court will defer to the titles Williams gave his various documents. The only document that appears to require a response from McArdle is Williams' "undisputed facts" (Dkt. No. 241), which

2

can also be found at Docket Number 228, pages 7 through 19. The court assumes that Williams correctly titled his declaration and his supplemental declaration (the court does not know why he organized his declarations in this manner) and that he filed those as support for his opposition to McArdle's motion.[1]

Next, as McArdle notes, Williams' response brief (Dkt. No. 227) is more than twice as long as Civil Local Rule 56 allows, and he did not secure the court's permission to file an oversized brief before he filed it. Still, given the scope of Williams' claims and given that he is pro se and writing his brief by hand, the court will allow the oversized brief. Understanding that McArdle may need more space to address Williams' arguments in her reply brief than is allowed under Civil Local Rule 56(b)(8)(A), the court will allow her ten additional pages, for a total length of up to twenty-five pages.

**IT IS THEREFORE ORDERED** that McArdle's motion to strike plaintiff's excessively long response brief or for guidance from this court (Dkt. No. 243) is **GRANTED in part** as described in this decision.

Dated at Green Bay, Wisconsin this 6th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] To be considered as evidence in opposition to McArdle's motion, the statements in Williams' declarations must comply with Federal Rule of Civil Procedure 56(c)(4), which requires that the declarations "be made on personal knowledge, set out facts that would be admissible in evidence, and show that [Williams] is competent to testify on the matters stated."

3