UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

    Plaintiff,

    v.    Case No. 19-C-1174

JAMIE ADAMS, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Travis Delaney Williams, a prisoner who is representing himself, is proceeding on Eighth Amendment claims against Defendants. On August 20, 2020, defendants Jamie Adams and Jolinda Waterman filed a motion for summary judgment. Dkt. No. 157. Williams responded to their motion on November 16, 2020 (four days before his response deadline). Dkt. Nos. 255-259, 261. Defendant Sandra McArdle, who is represented by separate counsel, also filed a motion for summary judgment on August 20, 2020. Dkt. No. 162. Williams responded to McArdle's motion on October 22, 2020 (the day after his response deadline). Dkt. Nos. 227-232, 241. After receiving guidance from the court, McArdle filed her reply materials on November 20, 2020. Dkt. Nos. 262-264. Her motion is fully briefed and ready for the court's decision.

On November 16, 2020, Williams filed a motion for special matters. Dkt. No. 252. He asks the court to accept as timely filed two amended declarations, which are in support of his response to McArdle's motion. Specifically, he seeks to replace the two declarations he originally filed on October 22, 2020. Williams says he was "under the influence of hydrocodone and in pain" at the time he prepared his original declarations. Williams does not identify the differences between his original declarations and his proposed amended declarations.

The court will deny Williams' motion. His deadline to respond to McArdle's summary judgment motion was three weeks before he filed his proposed amended declarations. Williams does not explain when he stopped taking pain medication, nor does he explain why the pain medication affected his ability to prepare his declarations but did not affect his ability to prepare his other response materials. Further, McArdle filed her reply materials just four days after Williams filed his proposed amended declarations. Thus, it is doubtful that McArdle had adequate time to review and address the amended declarations in her reply materials. As such, the court finds that Williams has not provided good cause for allowing him to replace his original declarations and that allowing him to do so would prejudice McArdle. The court will not consider the proposed amended declaration (Dkt. No. 253) or the proposed supplemental amended declaration (Dkt. No 254) when deciding McArdle's motion for summary judgment.

On November 17, 2020, Williams filed a letter regarding the e-filing of his undisputed facts in response to the State Defendants' motion for summary judgment. Dkt. No. 260. He noted that, because he had not received an e-filing receipt for his undisputed facts, he was resubmitting his response materials for filing. Court staff docketed his undisputed facts at Dkt. No. 261 on November 17. On November 23, 2020, Williams filed a motion to accept his undisputed facts as timely filed. Dkt. No. 265. The court will deny his motion as unnecessary. Williams' deadline to respond to the State Defendants' motion was November 20; he filed his undisputed facts three days before that deadline, so they were timely filed.

Williams also asserts in his motion that, for the second time, the institution e-filer failed to submit his undisputed facts when sending his response materials to the court. Williams is mistaken. As the court explained in a prior decision, the institution e-filer emailed the court Williams' undisputed facts along with his materials in response to McArdle's summary judgment motion. Dkt. No. 244 at 2-3. When docketing those materials, court staff overlooked Williams'

2

undisputed facts and docketed them as part of his supplemental declaration rather than as a separate entry. Dkt. No. 228 at 7-19. When Williams complained that his undisputed facts had not been docketed and resubmitted them for filing, court staff docketed the undisputed facts as a separate entry. Dkt. No. 241. In short, the institution e-filer did not withhold Williams' undisputed facts; court staff made a mistake when docketing that filing.

Unfortunately, it appears that a similar mistake happened with Williams' undisputed facts in support of his response to the State Defendants' summary judgment motion. Court staff docketed Williams' declaration in support of his response materials at Dkt. No. 258. His declaration concludes on page 19. Starting on page 20 is a new filing titled "Undisputed Facts." This filing should have been docketed as a separate entry, not as part of Williams' declaration. The court notes that the filing is not complete; it stops at paragraph 25 and has no signature. The undisputed facts Williams filed on November 17 include 52 paragraphs, and the filing concludes with his signature. The court does not know why only the first half of Williams' undisputed facts were originally docketed as part of another filing, but the mistake was caught early and Williams has suffered no prejudice as a result of the mistake.

**IT IS THEREFORE ORDERED** that Williams' motion for special matters (Dkt. No. 252) is **DENIED**.

**IT IS FURTHER ORDERED** that Williams' motion to accept undisputed facts as timely filed (Dkt. No. 265) is **DENIED as unnecessary**.

Dated at Green Bay, Wisconsin this 24th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge